UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN PAUL KERR,

    Petitioner,

v.                                                                    Case No.: 8:09-cv-747-T-24TGW
                                                                                                                 8:00-cr-194-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

        This cause is before the Court upon Petitioner Christian Paul Kerr's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in 09-cv-747; Doc. 34 in 00-cr-194). Because review of the motion, the file, and the records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255(b).

**I.  Background**

        Petitioner was charged with and pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). (Crim. Doc. 29). On April 12, 2001, Petitioner was adjudicated guilty and sentenced to 151 months imprisonment on each count, to run concurrently. (Crim. Doc. 28.) Petitioner was sentenced as a "career offender" pursuant to United States Sentencing Guidelines § 4B1.1. Petitioner did not appeal his sentence. On April 20, 2009, Petitioner mailed the instant § 2255 motion to the Clerk for filing.

**II. Discussion**

Petitioner claims that he is entitled to relief under § 2255, because the United States Supreme Court decision in *Begay v. United States*, 553 U.S. ___ (2008), and the Eleventh Circuit's decision in *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008), held that it is no longer lawful to predicate career offender status on a previous conviction of carrying a concealed firearm. Because Petitioner's motion is untimely, the motion is denied. However, even if Petitioner's motion were timely, it would still fail.

A. TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the limitations period for § 2255 motions:

> [The AEDPA] established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. U.S.*, 304 F.3d 1035, 1037-38 (11th Cir. 2002)(citing 28 U.S.C. § 2255(e)(1)-(4)). Petitioner was adjudicated guilty and sentenced on April 12, 2001. Petitioner did not appeal his judgment from the district court and the time for appeal has expired. Thus, since the one-year limitations period began to run on April 12, 2001, Petitioner's § 2255 motion was required to be filed by April 12, 2002 in order to be timely. However, Petitioner did not mail the instant § 2255

motion until April 20, 2009, much more than a year after the expiration of the limitations period. As a result, his § 2255 motion is untimely and must be denied.

B. MERITS

Although it is not necessary in order to decide whether the present petition should prevail, the Court notes that even if the petition were timely, it would fail. "A defendant is a career offender," warranting a criminal history category of VI:

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a),(b). At the time of his sentencing, the Court found that 1) Petitioner was at least 18 years of age; 2) robbery, the offense for which Petitioner was convicted, was a crime of violence; and 3) Petitioner had three prior felony convictions of crimes of violence or controlled substance offenses: carrying a concealed firearm, battery on a law enforcement officer, and robbery.

Recently in *Archer*, the Eleventh Circuit ruled that carrying a concealed firearm is not a crime of violence and therefore is not an offense on which the enhancement can be based. It is unclear whether this case applies retroactively on collateral review. Petitioner notes that he received a career offender enhancement at sentencing and now challenges the sentence because the enhancement was, in part, based on his previous conviction for carrying a concealed firearm. However, to be sentenced as a career offender, only two prior violent or controlled substance crimes are required. Had *Archer* been decided prior to the date of Petitioner's sentencing, it would have had no effect on his sentence. Thus, even without the conviction for carrying a

3

concealed firearm, Petitioner still would have qualified for the career offender status based on his previous convictions for robbery and for battery on a law enforcement officer. Therefore, even if the § 2255 petition were timely, *Archer* would not provide sufficient grounds to vacate, set aside, or correct Petitioner's sentence.

## III. Conclusion

Accordingly, Petitioner's § 2255 motion is **DENIED** as time-barred. The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of April, 2009.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge